IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-60849
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TOAN M BUI

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CR-56-1

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Toan M. Bui appeals the revocation of his supervised release following his guilty plea to one count of making false statements in connection with his application for disaster unemployment benefits with the Mississippi Department of Employment Security. He contends that the district court abused its discretion in revoking his supervised release because the evidence was insufficient to prove that he possessed the firearm, ammunition, drug paraphernalia, and marijuana.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court may revoke a term of supervised release upon a finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3); United States v. Hinson, 429 F.3d 114, 118-19 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006). We review a district court's decision to revoke a defendant's supervised release for abuse of discretion. United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995).

"Possession may be actual or constructive." United States v. Mergerson, 4 F.3d 337, 348 (5th Cir. 1993). This court has "adopted a commonsense, fact-specific approach to determining whether constructive possession was established" and has found constructive possession in joint-occupancy cases only when some evidence permits "a plausible inference that the defendant had knowledge of and access to the weapon or contraband." Id. at 349.

There was sufficient evidence presented by the Government for the district court to find that Bui possessed the firearm, ammunition, drug paraphernalia, and marijuana. The evidence showed that Bui knew of and had access to the firearm, which was located in an unlocked, plastic, transparent drawer in an unlocked closet shared by Bui and Huynh. The evidence showed that the ammunition and drug paraphernalia were found in plain view in the unlocked closet shared by Bui and Huynh. Thus, Bui could see them and had immediate access to them. See United States v. McKnight, 953 F.2d 898, 902 (5th Cir. 1992). There was conflicting evidence presented as to whether the marijuana belonged to Bui or Huynh. The district court made a credibility determination and found that the marijuana belonged to Bui. This court affords great deference to a district court's credibility findings and does not pass on a district court's determination as to the credibility of witnesses. United States v. Alaniz-Alaniz, 38 F.3d 788, 791 (5th Cir. 1994). Therefore, because the evidence permits a plausible inference that Bui had knowledge of and access to the firearm, ammunition, drug paraphernalia, and marijuana, the district court did not abuse its discretion in finding that the Government showed by a

preponderance of the evidence that Bui had possession of these items and thus violated the terms of his supervised release.  Mergerson, 4 F.3d at 349; see also McKnight, 953 F.2d at 902.

Accordingly, the district court's judgment is AFFIRMED.